**Marvin R. OROZCO–RAMIREZ, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 07–70101.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**540**

Submitted Aug. 11, 2009.[*]

Filed Aug. 17, 2009.

David A. Schlesinger, Esq., Guerrero & Jacobs, LLP, San Diego, CA, for Petitioner.

CAS–District Counsel, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Marion E. Guyton, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before KLEINFELD, M. SMITH, and IKUTA, Circuit Judges.

MEMORANDUM [**]

Marvin R. Orozco–Ramirez, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals ("BIA") denying his motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion. *Ordonez v. INS*, 345 F.3d 777, 782 (9th Cir.2003). We dismiss in part and deny in part the petition for review.

The BIA did not abuse its discretion in denying Orozco's motion to reopen because it was untimely. *See* 8 C.F.R. § 1003.2(c)(2). We lack jurisdiction to consider Orozco's contention that the BIA should have equitably tolled the filing deadline because Orozco did not exhaust the contention before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

